951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Haneef ABDUR-RASHEED, Plaintiff-Appellant,
v.
BELLSOUTH CORP.; Bellsouth Communication Systems Group;
Dataserv, Inc.; Ivars Wagner; James Nicholson; Dave
Teague; Miles Wilson; Jeff Loeb; Frank Walker; Frank
Shufelt; Joe Gallo; and Does 1 through 29 inclusive,
Defendants-Appellees.
Haneef ABDUR-RASHEED, Plaintiff,
Raymond E. Willis, Plaintiff-Appellant,
v.
BELLSOUTH CORP.; et al. Defendants-Appellees.
 Nos. 90-16190, 90-16191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Dec. 27, 1991.
 
 Before SKOPIL, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Haneef Abdur-Rasheed appeals the district court's dismissal of his action for failure to prosecute. His attorney, Raymond Willis, appeals the imposition of attorney's fees. We affirm the dismissal of the action, and we modify the amount of the award and affirm.
 
 DISCUSSION
 1. Dismissal for failure to prosecute
 
 3
 The district court's dismissal for failure to prosecute is reviewed for an abuse of discretion. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991). Abdur-Rasheed argues that a court cannot base a dismissal for failure to prosecute solely on a failure to cooperate in discovery. In fact, however, Abdur-Rasheed's failure to allow a deposition of him to be completed by defendants was only the most egregious of Abdur-Rasheed's many failures to prosecute, which also included failing to initiate any discovery, failing to respond to repeated entreaties from defense counsel to work on a court-ordered pretrial joint statement, and then moving to continue the trial days before it was scheduled to begin. The court expressly stated that its dismissal was based both on Abdur-Rasheed's failure to prosecute, and "additionally" on his failure to cooperate in discovery, and hence Abdur-Rasheed's claim that the district court dismissed solely for his failure to cooperate in discovery is without merit.
 
 
 4
 Abdur-Rasheed also contends that the district court was required to warn him and to consider lesser sanctions before dismissing the action. No warning was required here. See id. at 652 ("there is no warning requirement when dismissal follows a noticed motion under Rule 41(b)"). The court's obligation to consider lesser sanctions was satisfied by the parties' discussion of alternative remedies in their motions. See id.
 
 
 5
 When a party moves for dismissal for failure to prosecute, a district court is required to weigh (1) the court's need to manage its docket, (2) the public interest in expeditious resolution of litigation, (3) the risk of prejudice to defendants from delay, and (4) the policy favoring disposition of cases on their merits. Id. at 651. The district court expressly considered the first three factors by noting that "defendants have had to bear substantial defense costs," "the attention of this court has been distracted from other matters," and plaintiff's behavior "prejudic[ed] the defense of this action." Appellees' ER 60-61. Although the district court did not expressly consider the fourth factor, the court did note that Abdur-Rasheed "has come to this court seeking redress, but has refused to proceed in good faith." Id. at 61. The district court thus implicitly determined that the policy favoring decisions on the merits was outweighed by Abdur-Rasheed's dilatory conduct and lack of good faith. See Morris, 942 F.2d at 652 ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). We conclude that the district court adequately weighed all four factors and that its decision to dismiss was not an abuse of discretion.
 
 2. Award of Attorney's Fees
 
 6
 An award of attorney's fees to a prevailing party is proper when the district court finds that the losing party acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 756 (9th Cir.), cert. denied, 479 U.S. 825 (1986). The district court found that Willis engaged in "abusive conduct" during discovery, "caused defendants to incur substantial costs," and "refused to conduct the action in good faith...." Appellees' ER 141-42. These findings are not clearly erroneous, and we conclude that the district court did not abuse its discretion in awarding attorney's fees. See Beaudry Motor, 780 F.2d at 756 (applying clearly erroneous standard to findings and abuse of discretion standard to decision to award fees).
 
 
 7
 We nevertheless disagree with the amount of the award. Sanctions should be limited to expenses and fees reasonably incurred in resisting the offending conduct. Matter of Yagman, 796 F.2d 1165, 1185 (9th Cir.), amended, 803 F.2d 1085 (9th Cir.1986). Our review of the record convinces us that the award here should not exceed the expenses and fees caused by Willis' final refusal to make his client available for deposition. The delays prior to that time were agreed to by the parties.
 
 
 8
 According to defendants' attorney's declaration, legal fees and expenses of $3,662.50 were incurred between April 18 and May 11, 1990 "in connection with [Willis'] refusal to produce his client for deposition after agreeing to do so and/or plaintiff's continued failure to cooperate in the deposition process." Appellees' ER 94. That figure is uncontroverted, and we accept that amount as representing "those expenses and fees that were reasonably necessary to resist the offending action." Yagman, 796 F.2d at 1185. Accordingly, we reduce the fee award to $3,662.50.
 
 
 9
 AFFIRMED as MODIFIED, with each side to bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3